■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLARENCE LEISING, Appellant.—Judgment unanimously affirmed. Memorandum: On appeal from his conviction of robbery in the first degree, defendant contends that the court erred in refusing to suppress identification testimony, that the verdict was against the weight of the evidence, that the court erred in refusing to charge second and third degree robbery as lesser included offenses, and that his sentence is excessive. None of defendant's contentions has merit.

Defendant contends that the in-court identification testimony of the robbery victims, Wood and Gensler, was tainted by prior suggestive identification procedures. We have reviewed the photo array shown to Wood and conclude that defendant's picture has no special prominence. Similarly, we find that the barroom showup, in which Wood and Gensler were asked if they recognized any one of approximately 40 to 60 men in the bar, was not suggestive and did not present a

risk of misidentification. The officers seated the witnesses apart from each other, did not point out defendant, and did not state that the suspect was present. Finally, we conclude that Wood's identification of defendant from the lineup was not tainted. Wood was the only witness from the Wendy's robbery who viewed the lineup and the record does not support defendant's contention that Wood's identification was influenced by the gesture of another witness. Moreover, our review of the photographs of the lineup leads us to conclude that there was great similarity among the participants. In any event, there is no requirement that a defendant in a lineup be surrounded by people identical in appearance *(People v Chipp,* 75 NY2d 327).

Contrary to defendant's argument, it cannot be concluded that the jury, in rejecting the defenses of misidentification and alibi, failed to give the evidence the weight it should be accorded *(see, People v Bleakley,* 69 NY2d 490, 495). Defendant's alibi evidence was suspect and was overwhelmingly refuted by the strong identification testimony of the victims, by the testimony of the People's rebuttal witnesses, and by the physical evidence. The court did not err in refusing to charge second and third degree robbery as lesser included offenses of first degree robbery. There was no reasonable view of the evidence under which the jury could have found that defendant committed the lesser crimes, but not the greater. Moreover, defendant failed to establish his entitlement to a charge on the affirmative defense to first degree robbery.

Finally, there is no merit to defendant's challenge to the severity of his sentence. (Appeal from judgment of Supreme Court, Erie County, Rossetti, J.—robbery, first degree.) Present —Denman, J. P., Pine, Balio, Lawton and Lowery, JJ.