■■■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAHSAAN M. SAMUELS, Appellant. [808 NYS2d 845]—Appeal from a judgment of the Ontario County Court (James R. Harvey, J.), rendered December 10, 1998. The judgment convicted defendant, upon a jury verdict, of criminal possession of a controlled substance in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him, upon a jury verdict, of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]), defendant contends that reversal is required based on County Court's failure to inform defense counsel of the contents of a jury note before summoning the jury to the courtroom in order to respond to the note. The record establishes that the court read the note in open court before responding to it, thereby giving defendant and defense counsel notice of the contents of the note. "[D]efense counsel's failure to object at a time when the court could have corrected the alleged error [ ] renders defendant's contention unpreserved for our review" (*People v Parker*, 304 AD2d 146, 159 [2003], *lv denied* 100 NY2d 585 [2003]; *see generally People v Starling*, 85 NY2d 509, 516 [1995]). Finally, the sentence is not unduly harsh or severe. Present—Scudder, J.P., Kehoe, Martoche, Smith and Pine, JJ.