■■■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL V. HENNINGS, Appellant. [864 NYS2d 650]—Appeal from a judgment of the Erie County Court (Timothy J. Drury, J.), rendered October 11, 2006. The judgment convicted defendant, upon a jury verdict, of burglary in the second degree, robbery in the second degree (two counts) and unlawful imprisonment in the first degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of one count each of burglary in the second degree (Penal Law § 140.25 [1] [c]) and unlawful imprisonment in the first degree (§ 135.10) and two counts of robbery in the second degree (§ 160.10 [1], [2] [b]). We reject defendant's contention that the verdict is against the weight of the evidence. Although a different verdict would not have been unreasonable, we conclude that the jury did not fail to give the evidence the weight it should be accorded in rejecting the misidentification theory of the defense (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). That theory was "overwhelmingly refuted by the strong identification testimony of the victim[ ]" (People v Leising, 161 AD2d 1172, 1173 [1990], lv denied 76 NY2d 860 [1990]). Defendant failed to preserve for our review his further contention that the evidence is legally insufficient to support the unlawful imprisonment conviction (see People v Gray, 86 NY2d 10, 19 [1995]).

We reject defendant's contention that County Court erred in permitting the victim to make an in-court identification of defendant. Although the court concluded following the suppression hearing that the showup identification procedure was unduly suggestive, it nevertheless properly determined that the People established that the victim had an independent basis for his in-court identification (see People v Chipp, 75 NY2d 327, 335 [1990], cert denied 498 US 833 [1990]; People v Riley, 70 NY2d

523, 531 [1987]). We have reviewed defendant's remaining contentions and conclude that they are without merit. Present—Scudder, P.J., Martoche, Fahey, Peradotto and Gorski, JJ.