# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1035

KA 10-01095

PRESENT: FAHEY, J.P., PERADOTTO, LINDLEY, SCONIERS, AND GREEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                MEMORANDUM AND ORDER

NATHANIEL JOHNSON, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (PATRICK SHELDON OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (MICHAEL J. HILLERY OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (Christopher J. Burns, J.), rendered March 23, 2010. The judgment convicted defendant, upon a jury verdict, of robbery in the first degree.

It is hereby ORDERED that the case is held, the decision is reserved and the matter is remitted to Supreme Court, Erie County, for further proceedings.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of robbery in the first degree (Penal Law § 160.15 [4]). Viewing the evidence in light of the elements of the crime as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we reject defendant's contention that the verdict is against the weight of the evidence. The manager of the convenience store that was robbed (hereafter, manager) identified defendant at trial as the person who committed the robbery. The manager also testified that he was able to observe defendant's face when defendant approached the manager before defendant entered the store wearing a "translucent" scarf over his mouth and nose. "Although a different verdict would not have been unreasonable, we conclude that the jury did not fail to give the evidence the weight it should be accorded in rejecting the misidentification theory of the defense" (*People v Hennings*, 55 AD3d 1393, 1393, *lv denied* 12 NY3d 758; *see generally People v Bleakley*, 69 NY2d 490, 495).

We further conclude that Supreme Court properly refused to suppress the testimony of the manager with respect to the photo array in which he identified defendant (*see generally People v Chipp*, 75 NY2d 327, 335-336, *cert denied* 498 US 833). There is no evidence in the record that the photo array drew the manager's attention to the photograph of defendant or that the identification procedures employed

by the police were unduly suggestive (*see People v McCurty*, 60 AD3d 1406, 1407, *lv denied* 12 NY3d 856).  Although the manager signed an affidavit after viewing the photo array in which he stated that the person he identified therein was a "possible robbery suspect," the police officer who presented the photo array to the manager testified at the *Wade* hearing that the manager unequivocally and without hesitation identified defendant in the photo array.  In addition, the qualified language used by the manager in his affidavit merely mirrored the language used by the officer, who instructed him that the photo array may possibly contain a photograph of the person who committed the robbery.  Under the circumstances of this case, we perceive no basis upon which to disturb the court's determination with respect to the identification testimony of the manager.

Defendant further contends that the People committed a *Brady* violation by withholding exculpatory evidence until after the trial had commenced.  As defendant correctly concedes, however, that contention is unpreserved for our review (*see generally People v Caswell*, 56 AD3d 1300, 1303, *lv denied* 11 NY3d 923, 12 NY3d 781, *cert denied* ___ US ___, 129 S Ct 2775).  In any event, the alleged *Brady* violation concerns matters outside the record on appeal and thus may properly be raised by way of a motion pursuant to CPL article 440 (*see People v Ellis*, 73 AD3d 1433, *lv denied* 15 NY3d 851; *see generally People v Wilson*, 49 AD3d 1224, *lv denied* 10 NY3d 966).

We agree with defendant, however, that the verdict sheet contains an impermissible annotation.  The court included the language "an armed felony" in describing the sole count of the indictment, charging defendant with robbery in the first degree, but the record fails to demonstrate that defense counsel consented to the verdict sheet.  In *People v Damiano* (87 NY2d 477, 483), the Court of Appeals concluded that, "when the court determines that listing statutory elements or terms of the crime--whether as labels or a shorthand for statutory text--on the verdict sheet will aid the jury in [its] deliberations, the court must permit [defense] counsel to review the annotated verdict sheet and obtain [defense] counsel's consent *prior* to submitting it to the jury."  "[T]he lack of an objection to the annotated verdict sheet by defense counsel cannot be transmuted into consent" (*id*. at 484; *see People v Collins*, 99 NY2d 14, 17), and "[t]he submission of [an] annotated verdict sheet, not consented to by [defense] counsel, cannot be deemed harmless" error (*Damiano*, 87 NY2d at 485).

We note that *Damiano* was superseded in part by amendments to CPL 310.20 (2) (*see* L 1996, ch 630, § 2; L 2002, ch 588, § 1 [2]), which allow annotated verdict sheets where "the court submits two or more counts" to the jury and only for "the sole purpose of . . . distinguish[ing] between the counts."  Here, however, the indictment contained only one count.  Those statutory provisions are therefore inapplicable, and the annotation on the verdict sheet was impermissible pursuant to *Damiano*.  We therefore hold the case, reserve decision and remit the matter to Supreme Court to determine, following a hearing if necessary, whether defense counsel consented to the annotated verdict sheet (*see People v Knight* [appeal No. 1], 274

AD2d 957; *People v Ross*, 230 AD2d 924; *People v Albert*, 225 AD2d 1097).

Finally, the contention of defendant with respect to the court's responses to the first two jury notes is not preserved for our review (*see* CPL 470.05 [2]; *People v Samuels*, 24 AD3d 1287, *lv denied* 7 NY3d 817; *People v Parker*, 304 AD2d 146, 159, *lv denied* 100 NY2d 585), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).  We have considered defendant's remaining contentions and conclude that they are without merit.

Entered:  October 7, 2011                     Patricia L. Morgan
                                              Clerk of the Court