■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SANDRA ROSEBECK, Appellant. — Yesawich, Jr., J. Appeal from a judgment of the County Court of Albany County (Clyne, J.), rendered August 31, 1983, upon a verdict convicting defendant of the crime of criminal sale of marihuana in the third degree.

Defendant was convicted of selling marihuana to an undercover State Police investigator. Prior to trial, defendant on several occasions attempted to plead guilty to the crime for which she was indicted, but County Court refused to permit her to do so; the last occasion occurred just before jury selection commenced. In again declining to accept her guilty plea, the court observed that in its judgment her endeavor to plead on that juncture simply constituted trial strategy on her part. Forced to trial, defendant, contrary to her counsel's advice, testified in her own behalf; her testimony not only established her guilt, but was a factor taken into consideration by County Court in sentencing defendant to 1 to 4 years in prison, the maximum sentence authorized.

Defendant contends that County Court's refusal to allow her to plead guilty violated her statutory right to do so and that, because her trial testimony apparently so offended the court that it took it into account in inflicting a harsh sentence, that error was prejudicial and requires a reversal.

CPL 220.10 (2) specifies that "[e]xcept as provided in subdivision five [which is concededly inapplicable to the case at bar], the defendant may *as a matter of right* enter a plea of 'guilty' to the entire indictment" (emphasis supplied). Where the defendant denies guilt, or entry of the plea is not otherwise justified as knowingly and intelligently made, judicial rejection of a defendant's proposed guilty plea is appropriate (*People v Selikoff,* 35 NY2d 227, 235, *cert denied* 419 US 1122). This case is not an instance of a court seeking to protect a defendant from an injudicious plea, but rather the judicial denial of a defendant's statutory right to plead guilty; accordingly, we reverse. Apart from County Court's statement that it was acting in the "interest of justice" and its unexplained observation, neither documented in the record nor adequately explicated in the briefs, that defendant's offer merely represented trial strategy, there is nothing to indicate why accepting her plea was inappropriate. While the record suggests that the court and counsel held conferences regarding defendant's desire to plead to the indictment, what the circumstances were which led the court to exercise its discretion to refuse her plea, both earlier in the proceedings as well as on the eve of the trial, do not appear.

Defendant's other contentions do not merit comment, except to note that defense counsel's mistrial application based on County Court's failure to grant a recess was properly denied, as the purpose of the recess was not to enable counsel to discuss whether defendant should testify (*cf. People v Spears,* 64 NY2d 698), but to record that she was testifying over his objection.

Judgment reversed, on the law, and matter remitted to the County Court of Albany County for further proceedings not inconsistent herewith. Kane, J. P., Main, Weiss, Yesawich, Jr., and Levine, JJ., concur.