OPINION OF THE COURT
Norman F. Walawender, J.
The above matter came on before this court by an order to show cause asking for an order to vacate the guilty plea of *121 William Sherk entered on December 16, 1991 to Vehicle and Traffic Law § 1192 (3) and § 1126 (a) and further granting the People an adjournment pursuant to CPL 170.20 (2) for 60 days in order for this matter to be presented to the Erie County Grand Jury. Counsel for the defendant has submitted an answering affidavit in opposition to this motion. At the conclusion of the arguments, the court reserved decision and granted additional time for the parties to submit any further legal memoranda on matters for support of their arguments. The attorney for the defendant submitted his memorandum and the attorney for the People, after several extensions, indicated that she would not submit any further memoranda.
The above defendant was charged with violation of section 1192 (3) and section 1126 (a) of the Vehicle and Traffic Law by a summons (simplified traffic information) and an order compelling submission to a chemical test. The order was granted by Honorable Penny Wolfgang, Justice of the Supreme Court, dated December 13, 1991.
The motion is unique since seldom do the People object to a defendant pleading guilty as charged even though the People have a right to do so before the plea is entered. (CPL 170.20 [2].) Here the People failed to use the provisions of said section even though they were fully aware of the circumstances surrounding the accident before the defendant appeared in court for arraignment and plea.
It is not clear why the People failed to act on December 16, 1991. This court was open for business in the normal fashion and its records and facilities were available to the District Attorney. There is no question that the traffic tickets were returnable on December 16, 1991 and no reason has ever been given by the People why the Assistant District Attorney who came to court on December 17, 1991 did not participate in the arraignment on December 16, 1991 or why a memo or phone call was never made to this court requesting it to delay arraignment briefly so an Assistant District Attorney could ask for an adjournment pursuant to CPL 170.20 (2) as that section requires.
Nevertheless, the court would be inclined to grant the People’s motion in the interest of justice if it had the power to do so; especially since the plea here may provide the defendant the basis to claim double jeopardy for any subsequent prosecution for a felony assault charge as the People contemplate (Matter of Corbin v Hillery, 74 NY2d 279). It is clear *122 that the defendant has the right to plead guilty as charged to a traffic ticket. (See, CPL 100.25, 170.60, 220.10 [2]; see also, People v Rosebeck, 109 AD2d 915.)
It is also quite clear that absent some type of fraud, including trickery, deceit, coercion or misrepresentation, this court is without power to vacate such plea. (Matter of Corbin v Hillery, supra.)
There is nothing in this record to indicate any type of fraud. There is indication that defendant’s counsel knew that such a plea would be advantageous to his client, but such conduct does not obviate the plea or give this court the authority to vacate it. It may give the People the right to refute defense claims of double jeopardy if there is a subsequent felony prosecution (CPL 40.30 [2] [b]) but that is another question for another time. The court notes however that on this record there is no indication that this prosecution or plea was procured by this defendant without the knowledge of the appropriate prosecutor, which showing is needed to invoke the relief provided by such section. Thus based on the submissions and law, the court must deny the motion, especially since the District Attorney failed to take advantage of the power he had under law; but this does not mean that justice will not be served. The defendant pleaded guilty in the presence and with the cooperation of his own chosen counsel and has reaffirmed the propriety of such plea in his opposition to this motion. The range of penalty this court can impose as a consequence of such plea not only includes a minimum fine of $350 and revocation of license but also time in jail up to one year. Given past experience it would not be unusual for the District Attorney to accept a plea to the charge already pleaded to in satisfying any vehicular assault, second degree, felony indictment that would have been returned. The reason being that this section requires proof of criminal negligence besides driving while intoxicated. Further the victim apparently is recovering.
This court suggests that the People state their position fully regarding sentence so that the defendant be appropriately punished and justice prevail.