■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALEX DIAZ, Appellant. [701 NYS2d 658] —Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Kuffner, J.), rendered February 13, 1996, convicting him of murder in the second degree (three counts) and robbery in the second degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Following a peremptory challenge exercised by the prosecutor against a black female venireperson who was a corrections officer, defense counsel raised a challenge pursuant to *Batson v Kentucky* (476 US 79). The prosecutor provided an explanation for the peremptory challenge, and although defense counsel

argued that the explanation was pretextual, the court accepted the prosecutor's explanation as race-neutral and dismissed the venireperson. On appeal, the defendant claims that this was erroneous. We disagree.

Where, as here, the prosecutor offers a facially race-neutral reason for his or her challenge, the burden shifts to the defendant to show that the explanation offered was pretextual (*see, Purkett v Elem,* 514 US 765; *People v Allen,* 86 NY2d 101, 104; *People v Moore,* 231 AD2d 532; *People v Rudd,* 225 AD2d 710; *People v Richie,* 217 AD2d 84). Here, the defendant failed to demonstrate that the peremptory challenge was racially-motivated. Accordingly, the Supreme Court's ruling was proper.

The defendant's remaining contentions are without merit. Ritter, J. P., Friedmann, Feuerstein and Schmidt, JJ., concur.