Appeal by the defendant, by permission, from an order of the County Court, Orange County (De Rosa, J.), dated January 4, 2012, which denied, without a hearing, his motion pursuant to CPL 440.10 to vacate a judgment of the same court rendered June 4, 1998, convicting him of criminal possession of stolen property in the fourth degree, upon his plea of guilty, and imposing sentence.
Ordered that the order is affirmed.
The defendant contends that the County Court erroneously denied, without a hearing, his motion pursuant to CPL 440.10 to vacate his judgment of conviction on the ground that he was denied the effective assistance of counsel based on defense counsel’s alleged affirmative misadvice concerning the immigration consequences of his plea of guilty. By decision and order on motion dated August 15, 2012, a Justice of this Court granted leave to appeal from the County Court’s order.
“A criminal defendant is guaranteed the effective assistance of counsel under both the federal and the state constitutions” (People v Bodden, 82 AD3d 781, 783 [2011]; see US Const Amend VI; NY Const, art I, § 6; People v Turner, 5 NY3d 476, 479 [2005]). Under the federal standard for ineffective assistance of counsel, a defendant “must show that counsel’s representation fell below an objective standard of reasonableness” and “that the deficient performance prejudiced the defense” (Strickland v Washington, 466 US 668, 687-688 [1984]; see People v McDonald, 1 NY3d 109, 113 [2003]). In the context of a plea of guilty, the prejudice prong of this two-part test “focuses on whether counsel’s constitutionally ineffective performance affected the outcome of the plea process” (Hill v Lockhart, 474 US 52, 59 [1985]; see People v McDonald, 1 NY3d at 114). In order to meet this standard, the “ ‘defendant must show that there is a reasonable probability that, but for counsel’s errors, he would not have pleaded guilty and would have insisted on going to trial’ ” (People v McDonald, 1 NY3d at 114, quoting Hill v Lockhart, 474 US at 59). In other words, the defendant “must convince the court that a decision to reject the plea bargain would have been rational under the circumstances” (Padilla v Kentucky, 559 US 356, 372 [2010]).
*846 Under the state standard, a defendant must show that he was not afforded “meaningful representation” (People v Baldi, 54 NY2d 137, 147 [1981]). Like the federal standard, the state standard entails a two-pronged test “with the first prong identical to its federal counterpart” (People v Georgiou, 38 AD3d 155, 160-161 [2007]). The second prong of the state standard involves a “prejudice component [which] focuses on the ‘fairness of the process as a whole rather than its particular impact on the outcome of the case’ ” (People v Caban, 5 NY3d 143, 156 [2005], quoting People v Benevento, 91 NY2d 708, 714 [1998]) and, thus, has been deemed “somewhat more favorable to defendants” (People v Turner, 5 NY3d 476, 480 [2005]; see People v Caban, 5 NY3d at 156). In evaluating a claim of ineffective assistance of counsel under the state standard, “[s]o long as the evidence, the law, and the circumstances of a particular case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation, the constitutional requirement will have been met” (People v Baldi, 54 NY2d at 147).
Under the circumstances of this case, contrary to the defendant’s contention, the County Court did not err in determining that the defendant was not deprived of his constitutional right to the effective assistance of counsel based on counsel’s alleged misadvice concerning the immigration consequences of his plea of guilty (see Strickland v Washington, 466 US at 687; People v Baldi, 54 NY2d 137 [1981]; see generally People v McDonald, 1 NY3d 109 [2003]). The defendant’s remaining contentions are without merit. Accordingly, the County Court properly denied the defendant’s motion pursuant to CPL 440.10 to vacate his judgment of conviction. Eng, PJ., Dickerson, Chambers and Hall, JJ., concur.