█ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARYL GRAHAM, Appellant. [11 NYS3d 242]—

Appeal by the defendant, by permission, from an order of the Supreme Court, Kings County (Sullivan, J.), dated October 17, 2013, which, after a hearing, denied his motion pursuant to CPL 440.10 to vacate a judgment of the same court (Feldman, J.) rendered May 29, 1996, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence, or alternatively, pursuant to CPL 440.20 to set aside the sentence imposed.

Ordered that the order is reversed, on the law, that branch of the defendant's motion which was pursuant to CPL 440.10 to vacate the judgment is granted, the judgment is vacated, and the matter is remitted to the Supreme Court, Kings County, for a new trial.

The defendant was convicted, after a jury trial, of murder in the second degree (depraved indifference murder). At trial, the evidence established that, on July 20, 1995, while riding as a passenger in a vehicle with his former girlfriend, Roxanne Thomas, and her friend, Nadine Ennis, the defendant stabbed Thomas 19 times as she drove and after she escaped from the car, causing her death. Ennis, as well as two passersby, testified as to their observations of the stabbing. The defendant testified on his own behalf and was the only defense witness.

The defendant moved to vacate the judgment of conviction pursuant to CPL 440.10, or alternatively, to set aside the sentence imposed pursuant to CPL 440.20 on the ground that he was deprived of the effective assistance of counsel under the state and federal constitutions. He contended that his trial counsel was ineffective because he failed to obtain the defendant's psychiatric records or have the defendant evaluated by a psychiatrist to present a defense of extreme emotional disturbance (hereinafter EED) or that he was not responsible by reason of mental disease or defect, and failed to present the defendant's psychiatric records for mitigation purposes at sentencing. It was undisputed that, well before trial, the defendant's counsel was aware from a competency report of the defendant's history of reported psychiatric symptoms and treat-

ment, including several hospitalizations, and was granted authorization by the trial court for the appointment of an independent psychiatrist to evaluate the defendant to determine whether he had a viable psychiatric defense, yet counsel failed to either obtain the defendant's psychiatric records or have him formally evaluated by a psychiatrist with respect to any possible psychiatric defense.

In opposition to the motion, the People did not dispute that trial counsel erred in failing to take the aforementioned measures. However, the People asserted that trial counsel's errors did not deprive the defendant of effective assistance under either the state or federal standard since there was no reasonable chance that, even if counsel had taken the appropriate investigatory steps, an insanity or EED defense would have succeeded or the outcome of the trial otherwise would have been affected, or that the court would have imposed a lesser sentence had it been presented with the psychiatric records. Following a hearing, the Supreme Court agreed with the People and denied the motion. We conclude that the judgment of conviction should have been vacated on the ground that the defendant was deprived of the effective assistance of counsel.

A criminal defendant is guaranteed the effective assistance of counsel under both the federal and the state constitutions (*see* US Const Amend VI; NY Const, art I, § 6). Generally, to prevail on a claim of ineffective assistance of counsel under the United States Constitution, a defendant must show, first, "that counsel's representation fell below an objective standard of reasonableness" (*Strickland v Washington*, 466 US 668, 688 [1984]), and, second, "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different" (*id.* at 694).

Under the New York Constitution, a defendant must show that he was not afforded "meaningful representation" (*People v Baldi*, 54 NY2d 137, 147 [1981]), which also entails a two-pronged test, "with the first prong identical to its federal counterpart" (*People v Georgiou*, 38 AD3d 155, 160-161 [2007]), and the second being a "prejudice component [which] focuses on the 'fairness of the process as a whole rather than its particular impact on the outcome of the case' " (*People v Caban*, 5 NY3d 143, 156 [2005], quoting *People v Benevento*, 91 NY2d 708, 714 [1998]) and, thus, is "somewhat more favorable to defendants" (*People v Turner*, 5 NY3d 476, 480 [2005]; *see People v Caban*, 5 NY3d at 156). A reviewing court must examine whether "the evidence, the law, and the circumstances of [the] particular case, viewed in totality and as of the time of the representa-

tion, reveal that the attorney provided meaningful representation" (*People v Baldi*, 54 NY2d at 147).

Under both state and federal law, a defendant's right to the effective assistance of counsel includes assistance by an attorney who has conducted a reasonable investigation into the relevant facts and law to determine whether matters of defense can be developed (*see Strickland v Washington*, 466 US at 691; *People v Oliveras*, 21 NY3d 339, 346 [2013]; *People v Droz*, 39 NY2d 457, 462 [1976]; *People v Bennett*, 29 NY2d 462, 466 [1972]; *People v Henderson*, 118 AD3d 1020, 1022 [2014]).

Generally, in order to make out a claim of ineffective assistance under the New York Constitution, a defendant is required to make some showing of prejudice, albeit not necessarily the "but for" prejudice required under federal law (*see People v Ennis*, 11 NY3d 403, 412 [2008]; *People v Stultz*, 2 NY3d 277, 283-284 [2004]; *People v Benevento*, 91 NY2d at 713-714). However, prejudice is not an "indispensable element in assessing meaningful representation" (*People v Ennis*, 11 NY3d at 412; *see People v Stultz*, 2 NY3d at 284). The Court of Appeals has indicated that counsel's failure to pursue the minimal investigation appropriate with respect to an issue central to the defense itself "seriously compromise[s] [the] defendant's right to a fair trial," regardless of whether the information would have altered the uninformed strategy counsel employed, or otherwise helped the defense (*People v Oliveras*, 21 NY3d at 348).

Here, the People's case hinged almost entirely on their ability to prove the defendant's state of mind, and trial counsel undisputedly failed to take the minimal steps of obtaining the defendant's psychiatric records and having him evaluated by an expert, which were necessary to make an informed decision as to whether or not to present a psychiatric defense. Under the circumstances of this case, the People's argument that, even with the benefit of the evidence trial counsel should have obtained, there is no reasonable chance that a mental disease or defect or EED defense would have been successful, or that the outcome of the trial would otherwise have been different, misconstrues the central issue in this case. The issue is not whether trial counsel's choice to have certain documents excluded from the record constitutes a legitimate trial strategy, but whether the failure to secure and review crucial documents, that would have undeniably provided valuable information to assist counsel in developing a strategy during the pretrial investigation phase of a criminal case, constitutes meaningful representation as a matter of law (*see People v Oliveras*, 21

NY3d at 348). Trial counsel's "total failure" in this regard deprived the defendant of meaningful representation (*id.*).

Accordingly, the defendant was entitled to vacatur of the judgment of conviction and a new trial. In light of our determination, we need not reach the parties' remaining contentions. Balkin, J.P., Hall, Roman and Cohen, JJ., concur. ▮▮▮▮▮▮▮▮