The People of the State of New York, Respondent,
against
Patrick Dauria, Appellant.




New York City Legal Aid Society (William B. Carney of counsel), for appellant.
Richmond County District Attorney (Morrie I. Kleinbart of counsel), for respondent.

Appeal from two judgments of the Criminal Court of the City of New York, Richmond County (Raymond Rodriguez, J.), rendered October 28, 2015. Each judgment convicted defendant, upon his plea of guilty, of criminal possession of a controlled substance in the seventh degree.




ORDERED that the judgments of conviction are affirmed.
Defendant pleaded guilty to two separate charges of criminal possession of a controlled substance in the seventh degree (Penal Law § 220.03) in satisfaction of multiple accusatory instruments charging him with that offense. In the same proceeding, the Criminal Court sentenced defendant, on each judgment of conviction, to time served and a six-month license suspension. On appeal, defendant contends that his guilty pleas were not voluntarily, knowingly and intelligently entered. 
Initially, we note that defendant's claim that his guilty pleas were invalid is reviewable on direct appeal despite the fact that he did not move to withdraw his pleas or vacate the judgments of conviction, as defendant, having pleaded guilty and been sentenced in the same proceeding, "faced a practical inability to move to withdraw [his] pleas" (People v Conceicao, 26 NY3d 375, 382 [2015]; see People v Sougou, 26 NY3d 1052, 1054 [2015]; People v Whidbee, 56 Misc 3d 130[A], 2017 NY Slip Op 50859[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]; People v Brooks, 54 Misc 3d 137[A], 2017 NY Slip Op 50136[U] [App Term, 2d Dept, 2d, 11th [*2]& 13th Jud Dists 2017]). 
A guilty plea will be upheld as valid if it was entered voluntarily, knowingly and intelligently (see People v Haffiz, 19 NY3d 883, 884 [2012]; People v Brown, 14 NY3d 113, 116 [2010]). In this regard, "[t]rial courts have a vital responsibility to ensure that a defendant who pleads guilty makes a knowing, voluntary and intelligent choice among alternative courses of action" (People v Conceicao, 26 NY3d at 382 [internal quotation marks omitted]; accord People v White, 51 Misc 3d 138[A], 2016 NY Slip Op 50590[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2016]). However, trial courts "need not engage in any particular litany" when allocuting a defendant (People v Conceicao, 26 NY3d at 382; see People v Tyrell, 22 NY3d 359, 365 [2013]) and are not required to enumerate all of the constitutional rights that a defendant waives during the plea allocution (see People v Sougou, 26 NY3d at 1054; People v Harris, 61 NY2d 9, 18 [1983]). Instead, "a flexible rule that considers all of the relevant circumstances surrounding a plea" must be applied in reviewing the validity of a guilty plea (People v Conceicao, 26 NY3d at 382 [internal quotation marks omitted]). Thus, a guilty plea will be upheld "[s]o long as the record as a whole affirmatively disclose[s] that a defendant who pleaded guilty entered his plea understandingly and voluntarily" (id. at 383 [internal quotation marks omitted]; see People v Harris, 61 NY2d at 19).
Here, the record reveals that the Criminal Court afforded defendant an adequate opportunity to discuss the pleas with counsel. Defendant was represented by counsel from the date of his arraignment, approximately four months before the guilty pleas were entered. During the plea colloquy, the Criminal Court suspended the proceeding after advising defendant of the plea terms and, upon being informed that defendant's attorney objected to defendant's decision to plead guilty, offered to adjourn the proceeding to afford defendant an additional opportunity to discuss the pleas with counsel. Defendant opted instead to plead guilty immediately, without taking the opportunity to consult with counsel. Further, the Criminal Court explained to defendant the constitutional rights that he was forfeiting by pleading guilty, including his right to a trial, his right to call witnesses, his right to cross-examine witnesses and his right to testify on his own behalf or remain silent. Defendant indicated that he was willing to waive those rights, and freely and unequivocally admitted to facts that established the elements of the crime. Although the Criminal Court misstated one of the alleged facts contained in an accusatory instrument, defendant nevertheless admitted that he had knowingly and unlawfully possessed a controlled substance, which was sufficient to sustain a conviction for criminal possession of a controlled substance in the seventh degree (see Penal Law § 220.03; People v Brooks, 54 Misc 3d 137[A], 2017 NY Slip Op 50136[U]). Therefore, upon a review of the record as a whole (see People v Sougou, 26 NY3d at 1055), we find that there was an affirmative showing that defendant entered his pleas of guilty knowingly, voluntarily and intelligently (see People v Alvarez, 52 Misc 3d 140[A], 2016 NY Slip Op 51167[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2016]; People v Ortega, 51 Misc 3d 138[A], 2016 NY Slip Op 50588[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2016]). In addition, although defendant was pleading guilty against counsel's advice, he had an absolute right to do so, given that he acknowledged his guilt and that the pleas were knowingly and voluntarily entered (see People v Sanchez, 124 AD3d 685, 688-689 [2015]; People v Rosebeck, 109 AD2d 915, 916 [1985]). 
Accordingly, the judgments of conviction are affirmed.
PESCE, P.J., WESTON and SIEGAL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: June 22, 2018