People v Barrett-Johnson (2018 NY Slip Op 07322)





People v Barrett-Johnson


2018 NY Slip Op 07322


Decided on October 31, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 31, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOHN M. LEVENTHAL
SHERI S. ROMAN
COLLEEN D. DUFFY, JJ.


2016-11806
 (Ind. No. 15-00146)

[*1]The People of the State of New York, respondent,
v
Simone Barrett-Johnson, appellant.


Clare J. Degnan, White Plains, NY (Debra A. Cassidy and Michael Talassazan of counsel), for appellant.
Anthony A. Scarpino, Jr., District Attorney, White Plains, NY (Virginia A. Marciano, William C. Milaccio, and John B. Latella of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Westchester County (Robert A. Neary, J.), rendered October 14, 2016, convicting her of identity theft in the second degree, unlawful possession of personal identification information in the third degree, and petit larceny, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
After a jury trial, the defendant was convicted of identity theft in the second degree and related crimes based on evidence that on February 20, 2014, she used the debit card number of the complainant to pay $181 for cable service provided to the defendant's address in Mount Vernon, and that on or about February 22, 2014, she again used the same debit card number to purchase $342 in footwear from an online retailer, which was then delivered in the complainant's name to the same Mount Vernon address.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish her guilt of identity theft in the second degree beyond a reasonable doubt (see Penal Law § 190.79[1]). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt on that count was not against the weight of the evidence (see CPL 470.15[5]; People v Romero, 7 NY3d 633). The evidence presented at trial demonstrated that the defendant, within a period of a few days, used the same debit card number to make two fraudulent charges for goods and services that, "in an aggregate amount," totaled over $500. This evidence sufficiently established that the defendant stole goods and services "with a single [ongoing] intent, carried out in successive stages" (People v Rossi, 5 NY2d 396, 401), and that this was not "merely a series of distinct petty thefts" (People v Malcolm, 131 AD3d 1068, 1070; see People v Cox, 286 NY 137, 142-143).
Contrary to the defendant's contention, her unauthorized use of the complainant's debit card number was sufficient to subject her to prosecution for identity theft (see People v Roberts, 31 NY3d 406, 420-423). We therefore agree with the County Court's denial of the defendant's request to charge the jury "that assumption of identity is a discrete element of" that [*2]crime, or that the defendant could not have committed the crime if she "used a fictitious name along with the personal identifying information of the complainant" (see id. at 420-423; see generally People v Fields, 87 NY2d 821, 823).
We also agree with the County Court's denial of the defendant's request to instruct the jury with respect to identity theft in the third degree as a lesser included offense of identity theft in the second degree (see CPL 300.50; People v Butler, 84 NY2d 627). Under no reasonable view of the evidence could the jury have found that the defendant committed the lesser offense but not the greater (see People v Scarborough, 49 NY2d 364, 371; People v Monroe, 212 AD2d 374).
Finally, the defendant's contention that she was improperly sentenced as a second felony offender is without merit. The People sustained their burden of proving, beyond a reasonable doubt, that in 2006 the defendant was convicted of the felony upon which her adjudication as a second felony offender was based (see CPL 400.21[7]; People v Harris, 61 NY2d 9, 16; People v Glover, 69 AD3d 877, 878). In opposition, the defendant failed to present sufficient evidence to support her contention that her assigned counsel in that prior case failed to properly investigate her case or provide her with meaningful advice and assistance (see People v Anderson, 100 AD2d 937; see also Strickland v Washington, 466 US 668, 688; People v Benevento, 91 NY2d 708, 714; People v Sanchez, 124 AD3d 685, 687).
DILLON, J.P., LEVENTHAL, ROMAN and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court