People v Ottey (2019 NY Slip Op 06515)





People v Ottey


2019 NY Slip Op 06515


Decided on September 11, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 11, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JEFFREY A. COHEN
JOSEPH J. MALTESE
VALERIE BRATHWAITE NELSON, JJ.


2018-07286
 (Ind. No. 8761/15)

[*1]The People of the State of New York, respondent,
v Dwayne Ottey, appellant.


Paul Skip Laisure, New York, NY (Isa Chakarian and Iskuhi Grigoryev of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Joyce Slevin of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant, by permission, from an order of the Supreme Court, Kings County (Danny K. Chun, J.), dated May 30, 2018, which denied, without a hearing, his motion pursuant to CPL 440.10 to vacate a judgment of conviction of the same court rendered March 9, 2016, convicting him of criminal possession of stolen property in the third degree, upon his plea of guilty, and imposing sentence.
ORDERED that the order is affirmed.
In 2015, the defendant, a citizen of Jamaica, who had been brought into this country illegally when he was 22 months old, and his codefendant, were charged with 30 counts of criminal possession of a forged instrument in the second degree, 2 counts of criminal possession of forgery devices, and 5 counts of petit larceny in connection with the possession of forged and blank Target RED cards. The defendant was also charged in a separate indictment with grand larceny in the third degree and attempted grand larceny in the third degree in connection with the purchase of merchandise using stolen account information. The two indictments were later consolidated.
At the plea proceeding, defense counsel stated on the record that he had advised the defendant that the crimes of grand larceny in the third degree and criminal possession of a forged instrument in the second degree, as charged in the indictments, constituted aggravated felonies. Counsel stated that conviction of those crimes would result in mandatory deportation and be a permanent bar to reentry into the United States and to obtaining a green card or citizenship. Counsel also stated that he had explained to the defendant that the defendant's best alternative would be to plead guilty to criminal possession of stolen property in the third degree, which was not an aggravated felony. Counsel also advised the defendant that pleading guilty to that crime would nevertheless still carry immigration consequences, in that the defendant could not seek to cancel removal proceedings if apprehended by Immigration and Customs Enforcement (hereinafter ICE). Counsel then proceeded to advise the defendant in the presence of the court that if the defendant married his longtime girlfriend, with whom he shares two children, all of whom are United States [*2]citizens, the defendant would have to obtain an I-601 waiver of his inadmissibility, upon a showing that his denial of admission into the United States would cause an extreme hardship on her, before he could file to become a lawful permanent resident.
The defendant pleaded guilty to criminal possession of stolen property in the third degree and received a sentence of five years' probation. Several months later, he was apprehended by ICE and ordered to be deported to Jamaica.
The defendant filed a CPL 440.10 motion to vacate the judgment of conviction on the ground that he received ineffective assistance of counsel because counsel advised him that his plea would avoid deportation and allow him to obtain a green card through marriage to his girlfriend. The People opposed the motion on the ground that the advice that defense counsel provided to the defendant was correct. The Supreme Court denied the motion without a hearing, finding that both defense counsel and the court correctly advised the defendant of the immigration consequences of his plea of guilty.
"A criminal defendant is guaranteed the effective assistance of counsel under both the federal and the state constitutions" (People v Bassi, 111 AD3d 845, 845 [internal quotation marks omitted]; see US Const Amend VI; NY Const, art I, § 6; People v Turner, 5 NY3d 476). Under the United States Constitution, an attorney's misadvice or misstatements regarding the removal consequences in the context of a plea of guilty constitutes ineffective assistance of counsel (see Padilla v Kentucky, 559 US 356, 369; Strickland v Washington, 466 US 668; People v McDonald, 1 NY3d 109, 114-115). Generally, "the defendant must show that counsel's representation fell below an objective standard of reasonableness" and "that the deficient performance prejudiced the defense" (Strickland v Washington, 466 US at 687-688). To demonstrate prejudice, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial'" (People v Hernandez, 22 NY3d 972, 975, quoting Hill v Lockhart, 474 US 52, 59; see Strickland v Washington, 466 US at 694-695). Under the New York Constitution, a defendant must show that he was not afforded "meaningful representation" (People v Baldi, 54 NY2d 137, 147), which entails a "prejudice component [that] focuses on the fairness of the process as a whole rather than its particular impact on the outcome of the case'" (People v Caban, 5 NY3d 143, 156, quoting People v Benevento, 91 NY2d 708, 714).
Here, the record supports the Supreme Court's finding that the defendant's attorney did not provide him with misadvice. In addition, the record reflects that the court advised the defendant that his plea of guilty carried adverse immigration consequences and the defendant indicated that he understood and entered the plea of guilty. As such, the defendant failed to meet his burden of showing that his attorney provided him with constitutionally deficient advice or that he was deprived of meaningful representation.
RIVERA, J.P., COHEN, MALTESE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court