People v Britt (2021 NY Slip Op 05227)





People v Britt


2021 NY Slip Op 05227


Decided on October 1, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 1, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., CARNI, LINDLEY, WINSLOW, AND BANNISTER, JJ.


769 KA 18-00463

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
SYLVESTER L. BRITT, JR., DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (BRADLEY E. KEEM OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (NANCY GILLIGAN OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Monroe County (Alex R. Renzi, J.), rendered January 10, 2018. The judgment convicted defendant upon a jury verdict of criminal possession of a controlled substance in the seventh degree, assault in the second degree and resisting arrest. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him following a jury trial of, inter alia, assault in the second degree (Penal Law § 120.05 [3]) and criminal possession of a controlled substance in the seventh degree (§ 220.03). Contrary to defendant's contention, County Court (Randall, J.) did not err in refusing to suppress physical evidence inasmuch as the court properly determined that police officers had probable cause to arrest defendant. A police officer observed defendant engage in hand-to-hand transactions with two known drug users in a known drug location. In each exchange, defendant provided the individual with an object in a glassine baggie and the individual provided defendant with an undetermined amount of money.
The Court of Appeals has recognized that the passing of a glassine envelope is "the hallmark of an illicit drug exchange" (People v McRay, 51 NY2d 594, 604 [1980]). "[I]f money is passed in exchange for the envelope, probable cause almost surely would exist" (id.). Based on the officer's observations of the exchanges, the drug-prone location in which the exchanges took place, defendant's furtive acts, and his attempt to flee, we conclude that there was probable cause to believe that defendant had committed a narcotics offense and, as a result, there was no basis to suppress the physical evidence (see People v Nichols, 175 AD3d 1117, 1118 [4th Dept 2019], lv denied 34 NY3d 1018 [2019]; see generally People v Jones, 90 NY2d 835, 837 [1997]).
Defendant further contends that Supreme Court (Renzi, J.) deprived him of his right to counsel when it denied defense counsel's "application to be relieved due to a confidential conflict." Before trial, defense counsel learned that the Public Defender's Office (PD's Office), i.e., his employer, was representing another individual who was charged with murder and that defendant had information relevant to that crime. Defendant wanted to use that information to secure an advantageous plea bargain with the prosecutor's office. As a result of the conflict of interest, the PD's Office sought to be relieved of representing that other individual as well as defendant. The court presiding over the murder case granted that request, but the court herein denied it, stating that "there was going to be no plea bargaining or any disposition short of a trial. This case was given to me for trial, and I'm going to try the case."
Even assuming, arguendo, that there was an actual conflict of interest (see generally People v Sanchez, 21 NY3d 216, 223 [2013]; People v Solomon, 20 NY3d 91, 97 [2012]), we conclude that any conflict was resolved when the court presiding over the murder case relieved [*2]the PD's Office from its representation of the other individual (see People v Wright, 13 AD3d 726, 728-729 [3d Dept 2004], lv denied 5 NY3d 857 [2005]; see also People v Patterson, 173 AD3d 1737, 1738-1739 [4th Dept 2019], affd 34 NY3d 1112 [2019]).
Defendant further contends that the court's remarks, i.e., stating that there would be no plea negotiations or "any disposition short of a trial," infringed on his right to plead guilty pursuant to CPL 220.10 (2). Although "there is no constitutional right to plea bargain" (Weatherford v Bursey, 429 US 545, 561 [1977]), a defendant has the right, subject to limited exceptions not relevant here, to enter a guilty plea to the entire indictment (see CPL 220.10 [2]; People v Sanchez, 124 AD3d 685, 689 [2d Dept 2015], lv denied 25 NY3d 1207 [2015]; see generally People v Esajerre, 35 NY2d 463, 466-467 [1974]). Here, however, there is no evidence in the record that defendant ever indicated a desire to plead guilty to the entire indictment. To the extent that such evidence exists outside the record on appeal, defendant's contention should be addressed in a CPL 440.10 motion (see generally People v Norman, 128 AD3d 1418, 1419 [4th Dept 2015], lv denied 27 NY3d 1003 [2016]; People v Johnson, 88 AD3d 1293, 1294 [4th Dept 2011]).
Assuming, arguendo, that defendant, by controverting the prosecutor's race-neutral reasons for striking a prospective juror, preserved for our review his contention that the prosecutor's reasons for striking that prospective juror were pretextual (see People v Linder, 170 AD3d 1555, 1558 [4th Dept 2019], lv denied 33 NY3d 1071 [2019]; cf. People v Massey, 173 AD3d 1801, 1802 [4th Dept 2019]; People v Holloway, 71 AD3d 1486, 1486-1487 [4th Dept 2010], lv denied 15 NY3d 774 [2010]), we conclude that the prosecutor's stated reasons, i.e., that the prospective juror was a former prison employee and a former minister, were sufficiently race-neutral to withstand defendant's Batson challenge (see e.g. People v Jackson, 185 AD3d 1454, 1454-1455 [4th Dept 2020], lv denied 35 NY3d 1113 [2020]; People v Diaz, 268 AD2d 534, 534-535 [2d Dept 2000], lv denied 95 NY2d 834 [2000]; see generally People v Page, 105 AD3d 1380, 1381 [4th Dept 2013], lv denied 23 NY3d 1023 [2014]).
Defendant's contention that the conviction of assault in the second degree (Penal Law § 120.05 [3]) is not based on legally sufficient evidence is preserved only in part (see People v Gray, 86 NY2d 10, 19 [1995]). In any event, that contention is without merit (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). We further conclude that, viewing the evidence in light of the elements of assault in the second degree as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), the verdict with respect to that crime is not against the weight of the evidence (see generally Bleakley, 69 NY2d at 495).
We have reviewed defendant's remaining contentions and conclude that none warrants reversal or modification of the judgment.
Entered: October 1, 2021
Ann Dillon Flynn
Clerk of the Court